NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CRAIG J. SAKOWITZ,

        Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

        Defendant-Appellee,

 and

ANDREW M. SAUL, Commissioner of
Social Security,

        Defendant.

No.   22-16578

D.C. No. 3:20-cv-06157-AGT

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Alex G. Tse, Magistrate Judge, Presiding

Argued and Submitted November 17, 2023
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

    Craig Sakowitz ("Sakowitz") appeals the district court's ruling granting in

part and denying in part the Commissioner of Social Security's motion for

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

summary judgment.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). We may reverse a denial of benefits when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)). We reverse in part and affirm in part.

Among other impairments, Sakowitz suffers from fibromyalgia, a rheumatic, chronic pain disease. It is now widely recognized that "the symptoms of fibromyalgia can 'wax and wane,' and that a person may have 'bad days and good days.'" *Id.* at 657 (quoting SSR 12-2P, 2012 WL 3104869 (July 25, 2012)). Because the disease can manifest inconsistently, evaluating this impairment requires attention to its "unique characteristics." *See id.* at 652; *see also id.* at 662 (noting that "misunderstanding of fibromyalgia" and failure to properly analyze symptoms appears to be "a recurrent problem").

The administrative law judge ("ALJ") rejected Sakowitz's testimony and the opinions of Sakowitz's treating physician, Dr. Bhat, and chiropractors, Drs. Mehaffey and Robinson. The district court largely affirmed the ALJ's decision, but remanded for reconsideration of the opinion of an examining physician, Dr.

Warbritton. Sakowitz argues that the ALJ erred in discounting his testimony and the opinions of Drs. Bhat, Mehaffey, and Robinson.

An ALJ may reject a claimant's testimony about the severity of his symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* at 655 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014)). Inconsistencies between a claimant's daily activities and claimed level of impairment can be a legitimate factor in evaluating the claimant's testimony, *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007), but "the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability," *Revels*, 874 F.3d at 667 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004)).

To discount the opinion of a treating physician, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence." *Id.* at 654 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). To discount other medical opinions, such as those of chiropractors, the ALJ must provide "reasons germane to each witness for doing so." *Id.* at 655.

**1.** The ALJ erred in rejecting Sakowitz's testimony and declaration based on alleged inconsistencies with record evidence, including his daily activities and occasional trips. The ALJ primarily relied on Sakowitz's occasional trips, "weekends with long driving," his ability to walk his dog, his exercise schedule,

3

and his caretaking tasks to conclude that Sakowitz could return to his previous work in IT. But it is not obvious that these tasks translate to typing, and Sakowitz explained that typing specifically exacerbates his symptoms. The ALJ thus erred by relying on these irrelevant activities to discount Sakowitz's testimony regarding his ability to type.

Nor was the extent of Sakowitz's activities inconsistent with his testimony. Sakowitz testified that he was often "pretty worn out" after performing caregiving activities, and the record indicates that his ability to do these activities varied because he often needed to rest. "One does not need to be utterly incapacitated in order to be disabled." *Id.* at 667 (quoting *Benecke*, 379 F.3d at 594).

In relying on alleged inconsistencies, the ALJ did not provide clear and convincing reasons to discount Sakowitz's testimony and declaration about his symptoms and pain.

**2.** The ALJ also erred in discounting the opinions of Sakowitz's treating physician, Dr. Bhat, and his chiropractors, Drs. Mehaffey and Robinson, based on alleged inconsistencies. The ALJ did not explain how Sakowitz's activities were inconsistent with these providers' opinions, particularly given that they were aware of his level of activity and consistently acknowledged the variance in his symptoms.

First, the ALJ did not provide sufficiently specific and legitimate reasons for

4

rejecting Dr. Bhat's opinion. The ALJ rejected Dr. Bhat's opinion because it was "vague" and inconsistent with Sakowitz's reported daily activities and occasional travel. The ALJ, however, did not explain how the opinion was inconsistent with Sakowitz's activities, of which Dr. Bhat was aware. And Dr. Bhat's letter was not vague; it described Sakowitz's need to "stagger activity to preserve strength for routine activities," which are "challenging," "result in debilitating depletion of his energy," and "cause[] an increase in his symptoms." Medical evidence "must be construed in light of fibromyalgia's unique symptoms." As with Sakowitz's testimony, the ALJ ignored crucial evidence: namely, that Dr. Bhat knew and documented the extent to which Sakowitz's activities were limited by his need to rest and recover. The ALJ's reasons for rejecting Dr. Bhat's opinion were not specific and legitimate. *See id.* at 654.

Similarly, the ALJ did not provide germane reasons for assigning no weight to the opinions of Sakowitz's treating chiropractors, Drs. Mehaffey and Robinson. The ALJ relied on their opinions' purported inconsistency with Sakowitz's activities. But Dr. Mehaffey consistently noted variances in Sakowitz's pain and symptoms. And Dr. Robinson documented that Sakowitz "struggles to complete daily activities and routines," "must spread out his activities," and "rest and sleep in between outings." Given the nature of fibromyalgia and the chiropractors' express acknowledgement that Sakowitz's symptoms and pain varied, the alleged

5

inconsistencies were not germane reasons for rejecting their opinions. *See id.* at 655.

**3.** Because neither party challenges the district court's decision to remand for reconsideration of Dr. Warbritton's opinion, we do not address this aspect of the district court's decision.

In sum, substantial evidence does not support the ALJ's decision to discount Sakowitz's testimony and the opinions of his treating providers. It is appropriate to remand for further administrative proceedings, rather than for an award of benefits, so that the agency may properly reconsider the relevant evidence before making a disability determination. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1235 (9th Cir. 2011). Accordingly, we reverse and remand for further administrative proceedings consistent with this memorandum.

Appellant shall recover his costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART and REMANDED for further administrative proceedings.**